OPINION OF THE COURT
Memorandum.
The judgments appealed from should be affirmed, with costs, on the opinion of Mr. Justice Joseph P. Sullivan at the Appellate Division, with the additional comments which follow concerning the procedures used by the trial court in this matter.
In this case it appears without doubt that there was a fulfillment of the requirements laid down in Matter of Gannett Co. v De Pasquale (43 NY2d 370, affd 443 US — [July 2, 1979]), where the court held that optimal coverage of an event can be achieved "consonant with constitutional free press guarantees, by affording the media access to transcripts redacted to exclude matters ruled inadmissible during the closed suppression hearing * * * Complete transcripts [may be] made available when the defendant’s interests [are] no longer in jeopardy. The public’s 'right to know’ [is] then compatible with the defendants’ right to a fair trial” (Matter of Gannett Co. v De Pasquale, supra, p 381). In the instant case the court held that if the press desired, the court would supply complete transcripts of the proceedings during the pretrial motions, except for the redacted portions of yet inadmissible admissions of the defendant. It continued by noting that the redacting "has to be done by the District Attorney and defense counsel because the court doesn’t have the time”. Although it was of course perfectly correct for the court to offer to furnish redacted transcripts to the press, it would have been the nondelegable responsibility of the hearing court itself to perform any necessary redaction.
Another matter requiring our comment was the trial court’s decision to stay its proceedings pending the determination of this appeal. We granted a preference for argument of the appeal because the criminal trial remained in abeyance pending the appeal. Despite the expedited nature of the proceedings, the defendant’s trial, which was scheduled to begin on *988 March 20, 1979 has not yet started. Meanwhile he remains incarcerated, as he has been since September 22, 1978, awaiting the outcome of this collateral matter and the trial which must follow. Although we recognize the broad discretion of the trial courts to stay their own proceedings, we caution that the right of a defendant to a speedy trial is important and should not be sacrificed in the name of these collateral appeals. Only in rare situations, not present here, should a court stay trial proceedings to permit a challenge to rulings permitting the press and public to have redacted transcripts of pretrial suppression proceedings.
Chief Judge Cooke, and Judges Jasen, Gabrielli, Jones, Wachtler and Meyer concur; Judge Fuchsberg taking no part.
Judgments affirmed, with costs, in a memorandum.