■ In the Matter of GANNETT Co., INC., Petitioner, v W. PATRICK FALVEY, as Judge of the Seneca County Court, et al., Respondents.—Petition unanimously dismissed without costs. Memorandum: Petitioner, Gannett Co., Inc. (Gannett), commenced this CPLR article 78 proceeding against W. Patrick Falvey as Judge of the Seneca County Court seeking review of his determination to close the courtroom to the press and public during pretrial hearings in a highly publicized criminal case involving murder and conspiracy.

The facts of this case are similar to those in *Matter of Johnson Newspaper Corp. v Clary* (167 AD2d 968, *appeal dismissed* 77 NY2d 889). Here, as in *Clary,* the court examined the statements made by defendants in the criminal action (defendants) and concluded that there was a substantial probability that, if the information contained in those statements was reported to the public, it would be virtually impossible to select a jury that would not be affected by the publicity generated. Additionally, as in *Clary (supra),* there is no suggestion that defendants have given information to the press concerning their statements that will be the subject of the suppression hearing. Further, the court indicated that, based upon its examination of defendants' statements, there is a likelihood that some, if not all, of those statements will be suppressed. Thus, as we observed in *Clary (supra,* at 971), "it is not only likely, but inevitable, that if the pretrial hearing is open to the press, the highly prejudicial evidence will be disclosed to the community from which the jury is to be drawn, even though there is a probability that the court will rule that the evidence will not be admissible at the trial. That would destroy the purpose for which the hearing will be held and would broadcast all of the details of the damaging and highly prejudicial, but inadmissible, evidence to the potential jurors" *(see also, Matter of Associated Press v Bell,* 70 NY2d 32; *Matter of Gannett Co. v De Pasquale,* 43 NY2d 370, *affd* 443 US 368; *Matter of Merola v Bell,* 68 AD2d 24, *affd* 47 NY2d 985, *cert denied* 448 US 910, *reh denied sub nom. New*

*York News v Bell,* 448 US 917). Under the circumstances of this case, the court's findings were as specific as they could be without creating the very prejudice to defendants that the closure of the pretrial hearings was designed to avoid.

Finally, we are satisfied that the hearing court considered reasonable alternatives to closure and found that those alternatives could not protect defendants' fair trial rights. (Original Proceeding Pursuant to Article 78.) Present—Callahan, J. P., Boomer, Balio, Lawton and Davis, JJ.