OPINION OF THE COURT
Craig J. Doran, J.
An indictment has been filed against the defendant herein, charging her with two counts of murder in the second degree, in violation of section 125.25 (1) of the Penal Law, and two counts *516 of murder in the second degree, in violation of section 125.25 (2) of the Penal Law.
The defendant has moved for an order sealing from the public the contents of the CPL 710.30 notice and demand for notice of alibi and statement of readiness submitted by the People in this highly publicized murder case. The defendant submits that the unrestricted publicity resulting from access to the contents of alleged oral and written statements contained in the CPL 710.30 notice — the admissibility of which are yet to be determined by this court — will prejudice her paramount Sixth Amendment right to an impartial jury. The defendant argues that a suppression hearing, if directed by the court, will be open to the public and will serve the significant public function of monitoring the integrity of the workings of our judicial,system. The People did not submit papers in opposition and thke no position on the defendant’s motion.
Initially, this court must note that with respect to the First Amendment right of access by the public and press to the courtroom, there is no significant distinction between a Huntley hearing and the confession as it sits in the court file in anticipation of the hearing (see, People v Hodges, 172 Misc 2d 112 [1997]; see also People v Arroyo, 177 Misc 2d 106 [1998]). This court finds that the issues presented in the instant motion are synonymous with those addressed in the case law hereinafter cited which addressed applications to close Huntley hearings. That being the case, this court finds that the case law articulating standards to be applied by trial courts in entertaining a motion to close a suppression hearing are applicable in the instant case. ,
Those standards have been clearly articulated by the Court of Appeals in Matter of Associated Press v Bell (70 NY2d 32 [1987]). In Bell (supra), the Court of Appeals found that the First Amendment right-of-access was applicable to suppression hearings. The Court held that this right-of-access is not, however, absolute. “A defendant who asserts that his right to a fair trial may be compromised by an open proceeding bears the burden of supporting that contention. In order to override the qualified right to access of the public and the press, and close the courtroom, there must be ‘specific findings . . . demonstrating that first, there is a substantial probability that the defendant’s right to a fair trial will be prejudiced by publicity that closure would prevent and, second, reasonable alternatives to closure cannot adequately protect the defendant’s fair trial rights’ ” *517 (Matter of Associated Press v Bell, supra at 39, citing Press-Enterprise Co. v Superior Ct. of Cal. for Riverside County, 478 US 1, 12-13 [1986]). A court may not close a Huntley hearing on a possibility that there might be tainted, nonpublic evidence that might impair the selection of an impartial jury — which could very likely be said of every suppression hearing in every highly publicized case (see, Matter of Associated Press v Bell, supra).
It is only upon the showing of some specific circumstance that gives rise to significant probability of prejudice to the proceeding that the courts are inclined to close the courtroom and seal the records. The Appellate Division, Fourth Department, has articulated an even more specific set of standards which the trial courts must apply in these applications. In both Matter of Johnson Newspaper Corp. v Clary (167 AD2d 968 [1990]) and Matter of Gannett Co. v Falvey (181 AD2d 1038 [1992]), the Appellate Division held that to warrant closure, the trial court must consider the following: (1) is there a substantial probability that, if the information contained in those statements was reported to the public, it would be virtually impossible to select a jury that would not be affected by the publicity generated; (2) has the defendant given information to the press concerning statements which are the subject of the application; (3) based upon the trial court’s examination of the defendant’s statements, is there a likelihood that some, if not all, of those statements would be suppressed; and (4) are there no reasonable alternatives to closure that would protect the defendant’s fair trial rights (citing Matter of Johnson Newspaper Corp. v Clary, supra).
This court has reviewed the purported statements of the defendant which are attached to the CPL 710.30 notice. As in Bell (supra), and as distinguished from Clary (supra) and Falvey (supra), this court cannot make a determination that there is a probability that portions, if not all, of the defendant’s statement would not be admissible at trial. The defendant makes no specific argument regarding the inadmissibility of her alleged statement. Rather, she relies on mere conclusory, nonspecific allegations in support of her contention that the statement will be found to be inadmissible at trial. However, a mere possibility of suppression is not sufficient. This court is unable at this juncture to conclude that there is a probability that portions, if not all, of the defendant’s statement will be inadmissible at trial.
*518 Based upon the foregoing, this court finds that the defendant has not met her burden of demonstrating that there is a substantial probability that her right to a fair trial will be prejudiced by publicity that sealing of records would prevent. It is important to note that the defendant has acknowledged that the anticipated Huntley hearing will be open to the public. At this hearing, the statement at issue would likely be openly discussed during testimony, thus, effectively obviating the instant application.
It is important to further note that the defendant has just recently been arraigned and a pretrial suppression hearing has not been set. That being noted, there will be a significant period of time between access to the defendant’s statement and a trial on this matter. This lengthy interval between disclosure and trial will serve to allow public attention to subside.
In the instant case, a comprehensive [and searching voir dire can serve to protect the defendant as aln alternative to sealing the CPL 710.30 notice (see, People v Arroyo, 177 Misc 2d 106 [1998]).
Another reasonable alternative to sealing the CPL 710.30 notice is to provide that the access to the same will not include the opportunity to photograph or otherwise photocopy the confession. The full text of the confession will be available for inspection, without time limit, but that access will be a traditional one of inspection of the file, without the opportunity to bring a camera or other copying device. j
Based upon the foregoing, it is hereby ordered that the defendant’s motion for an order sealing from the public the contents of the CPL 710.30 notice is denied.