Matter of New York Times Co. v Burke (2019 NY Slip Op 03903)





Matter of New York Times Co. v Burke


2019 NY Slip Op 03903


Decided on May 16, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2019

Friedman, J.P., Gische, Webber, Gesmer, Moulton, JJ.


[M-2170 & 2335/18 9486 180/19 181/19 -2171] 9485

[*1]In re New York Times Company, et al., Petitioners,
v
Hon. James M. Burke, etc., et al., Respondents.
In re Court TV Media, LLC, Petitioner,
v
Hon. James M. Burke, etc., et al., Respondents.


Davis Wright Tremaine LLP, New York (Katherine M. Bolger of counsel), for The New York Times Company, The New Yorker, NYP Holdings, Inc., Daily News, LP, Reuters America LLC, NBC News and WNBC (Divisions of NBC Universal, LLC), ABC, Inc., Cable News Network, Inc., Newsday LLC, CBS Broadcasting, Inc., Fox News Network LLC, The Associated Press, Dow Jones & Company, Inc., Advance Publications, Inc. and The Reporters Committee for Freedom of the Press, petitioners.
Ballard Spahr LLP, New York (Jacquelyn N. Schell of counsel), for Court TV Media, LLC, petitioner.
Cyrus R. Vance, Jr., District Attorney, New York (Valerie Figueredo of counsel), for Cyrus R. Vance, Jr., respondent.
Ronald S. Sullivan, Jr., Washington, DC, of the bar of the District of Columbia, admitted pro hac vice, for Harvey Weinstein, respondent.



Petitions seeking an order, pursuant to article 78 of the CPLR, directing respondent Hon. James. M. Burke, in his capacity as Justice of the Supreme Court, New York County, to unseal the record of the Molineux /Sandoval hearing held on April 26, 2019, in an underlying criminal prosecution, unanimously denied, and the proceedings dismissed, without costs.
In the underlying highly-publicized prosecution of a well-known entertainment-industry figure for felonious sexual misconduct, Supreme Court properly closed the Molineux /Sandoval hearing to the public and sealed documents relating to that hearing. While the First Amendment guarantees the public and the press a qualified right of access to criminal trials (see Richmond Newspapers, Inc. v Virginia , 448 US 555, 580 [1980]), this right of access may be limited where courtroom closure is necessitated by a compelling state governmental interest, and where the closure is narrowly tailored to serve that interest (see Press-Enterprise Co. v Superior Court of California , 464 US 501, 509-510 [1984]). Such compelling interests may include the defendant's right to a fair trial, including the right to "fundamental fairness in the jury selection process" (id. at 510; see also Matter of Gannett Co. v De Pasquale , 43 NY2d 370, 380 [1977] ["At the point where press commentary on those hearings would threaten the impaneling of a constitutionally impartial jury in the county of venue, pretrial evidentiary hearings in this State are presumptively to be closed to the public"], affd 443 US 368 [1979]).
Proceedings cannot be closed unless specific findings are made on the record, demonstrating that "closure is essential to preserve higher values and is narrowly tailored to serve that interest" (Press-Enterprise Co. v Superior Court of California , 478 US 1, 13-14 [1986] [internal quotation marks omitted]). Where the interest asserted is the right of the accused to a fair trial, specific findings must be made demonstrating that, "there is a substantial probability that the defendant's right to a fair trial will be prejudiced by publicity that closure would prevent," and "reasonable alternatives to closure cannot adequately protect the defendant's fair trial rights" (id. at 14).
The subject matter of the Molineux /Sandoval hearing - allegations of prior uncharged sexual offenses by the defendant, the admissibilty of which is disputed - was likely to be prejudicial and inflammatory. Further, some or all of the allegations may have been determined to be inadmissible at trial, or may not be offered at trial even if found potentially admissible. Contrary to petitioners' suggestion, the People have represented that some of the information has not yet been made public. Given the worldwide media scrutiny this case has received, the motion court reasonably concluded that the sealing of documents relating to this single pretrial hearing was the only way to prevent tainting the jury pool with such inadmissible, prejudicial information (see De Pasquale , 43 NY2d at 379 ["Suppressed evidence should not be used to determine a defendant's guilt, not at trial and certainly not before trial through publication . . . by the media"]; see also Matter of Daily News v Teresi , 265 AD2d 129, 133 [3d Dept 2000], appeal dismissed 95 NY2d 902 [2000]; Matter of Gannett Co. v Falvey , 181 AD2d 1038, 1038-1039 [4th Dept 1992], lv dismissed 80 NY2d 866 [1992]). We note that, to the extent information discussed at the hearing is determined to be admissible, such information will become public if and when it is introduced at trial.
Justice James M. Burke has elected, pursuant to CPLR
7804(i), not to appear in this proceeding.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 16, 2019
DEPUTY CLERK